UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVID ROSENBERG, individually and on :
behalf of all others similarly situated, :
               Plaintiff, :
                :
                : **OPINION AND ORDER**
v. :
                : 19 CV 6181 (VB)
CLIENT SERVICES, INC., and :
JOHN DOES 1–25, :
             Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff David Rosenberg, individually and on behalf of all others similarly situated, brings this action against Client Services, Inc. ("CSI"), and John Does 1–25, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C §§ 1692 et seq.

Now pending is CSI's motion to dismiss the complaint pursuant to Rule 12(b)(6). (Doc. #6).[1]

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor.

---

[1] By Order dated September 4, 2019, the Court instructed plaintiff to notify the Court whether he would file an amended complaint in response to CSI's motion to dismiss or rely on the original complaint. (Doc. #8). The Order noted that if plaintiff elected not to file an amended complaint, the Court would be unlikely to grant plaintiff a further opportunity to amend the complaint. Plaintiff did not respond to the Court's September 4 Order. Instead, he filed an opposition to CSI's motion to dismiss.

According to the complaint, CSI sent plaintiff a debt collection letter (the "letter") dated January 28, 2019.[2] The letter stated plaintiff owed $1,304.85 to Capital One Bank (USA), N.A., CSI's client. The front side of the letter contains the notice required by 15 U.S.C. § 1692g(a) (the "Validation Notice"). The Validation Notice states:

> Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Doc. #7-1 at ECF 2).[3] The paragraph immediately below the Validation Notice states:

> Please note, we have many payment options that may meet your individual needs. If we are unable to arrange repayment, Capital One will send your account to an attorney in your state for possible legal action. Please note, no decision has been made to take legal action against you at this time. I want to help you avoid any possible legal action. Please call me at 877- 665-3303 for more information. I look forward to working with you to resolve this balance.

(the "Legal Action Notice"). (Id.).

Plaintiff claims the language of the letter violates Sections 1692e(10), 1692e(2)(A), and 1692f because the Legal Action Notice inappropriately threatens imminent legal action if plaintiff does not immediately pay the outstanding debt. Plaintiff further claims the language of

---

[2] In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Although the complaint states a copy of the letter is attached, there are no attachments. Rather, CSI provided a copy of the letter along with its motion to dismiss. (Doc. #7-1). Because plaintiff does not dispute that the copy of the letter attached to CSI's submission is the letter he received, the Court deems the letter incorporated by reference in the complaint.

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

the letter violates Section 1692g because the Legal Action Notice overshadows and contradicts the language of the Validation Notice.

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[4]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

II.   Fair Debt Collection Practices Act

CSI argues Sections 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g were not violated because the debt collection letter did not threaten imminent or immediate litigation.

The Court agrees.

A.   Legal Standard

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).

Claims of FDCPA violations are evaluated under "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). "[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." Id. Still, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." Id.

Under this standard, a collection notice may violate the FDCPA when it is sufficiently ambiguous to give rise to a reasonable, but inaccurate, interpretation. For purposes of assessing

4

the validity of an FDCPA claim, a court should review a debt collection letter in its entirety. McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002). "[C]ourts have found collection notices misleading where they employ formats or typefaces which tend to obscure important information that appears in the notice." Clomon v. Jackson, 988 F.2d at 1319. Accordingly, courts analyze collection letters "from the perspective of a debtor who is uninformed, naive, or trusting, but is making basic, reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

The Second Circuit has "made clear that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." McStay v. I.C. Sys., Inc., 308 F.3d at 190–91. The least sophisticated consumer standard reflects the important balance between the need to protect consumers from deceptive and abusive collection practices and the need to protect debt collectors from liability based on unreasonable interpretations of collection letters. Clomon v. Jackson, 988 F.2d at 1319–20. "Accordingly, FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice and courts should apply the standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." Easterling v. Collecto, Inc., 692 F.3d 229, 233–34 (2d Cir. 2012).

When "an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage." De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *3 n.5 (S.D.N.Y. Mar. 28, 2019).

B.    Section 1692e Claims

CSI argues plaintiff has not plausibly alleged that the debt collection letter falsely threatens imminent or immediate legal action such that Section 1692e has been violated.

The Court agrees.

1. <u>Applicable Law</u>

Section 1692e prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts. As relevant to this case, subsections (2)(A) and (10) prohibit, respectively, "[t]he false representation of the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." "However, not every technically false representation by a debt collector amounts to a violation of the FDCPA." <u>Bryan v. Credit Control, LLC</u>, 954 F.3d 576, 582 (2d Cir. 2020). Instead, "as a natural corollary to the least sophisticated consumer test, only material errors violate Section 1692e." <u>Id</u>. That is, "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated consumer." <u>Id</u>.

"Falsely suggesting that legal action was immediate, imminent, or urgent is actionable under Section[]. . . 1692e(10)." <u>Dewees v. Legal Servicing, LLC,</u> 506 F. Supp. 2d at 134. "[D]ebt collectors make no threat of imminent, immediate, or otherwise urgent action as a matter of law where the debt collector states that legal action <u>may</u> follow and does nothing more to suggest that the legal action would be immediate." <u>Id</u>. at 135 (emphasis in original). Threat of imminent, immediate, or urgent legal action can be found when "the collection letter include[s] some language suggesting that legal action was imminent other than the mere statement that legal action 'may' be taken and that the debt is currently due or past due." <u>Id</u>. Accordingly, to plausibly state a claim under the theory that defendant made a false threat of imminent legal action, plaintiff must plausibly allege that (i) CSI made a threat of immediate or imminent action, and (ii) CSI made such threat falsely. See <u>Dewees v. Legal Services</u>, 506 F. Supp. 2d 128, 135.

6

2. <u>Application</u>

The crux of plaintiff's argument is that certain selectively read portions of the Legal Action Notice threaten plaintiff with immediate legal action. Thus, plaintiff claims two lines of the letter—"Please call me at 877-665-3303 for more information. I want to help you avoid any possible legal action"—imply to the least sophisticated consumer that legal action is imminent. (Compl. ¶¶ 32–33). Plaintiff further alleges "the mention of legal action at all by a debt collector who [does not] own the debt is completely premature and [an] over exaggeration of the status of the debt." (Compl. ¶ 35). Moreover, plaintiff argues that "[t]he letter plainly says that if payment arrangements are not made[,] the account will be sent for legal action." (Doc. #10 ("Pl. Mem.") at ECF 10). Reading the letter reasonably and in its entirety, however, the Court concludes plaintiff does not plausibly allege any part of it is false, deceptive, or misleading.

First, plaintiff fails plausibly to allege CSI made a threat of <u>imminent</u> legal action. Even if the letter can be read to threaten legal action at some point in the future, plaintiff has not plausibly alleged that the least sophisticated consumer reading the notice with "a rudimentary amount of information about the world and a willingness to read a collection notice with some care," would read the <u>full</u> letter as threatening immediate legal action. See <u>Clomon v. Jackson</u>, 988 F.2d at 1319.

It is true the Legal Action Notice states legal action <u>may</u> take place: It says Capital One "will send your account to an attorney"; it three times references "legal action"; and it offers a phone number plaintiff can call "for more information." (Doc. #7-1 at ECF 2). But read as a whole, the Legal Action Notice does not threaten this action will be taken imminently or immediately: The letter says that Capital One's sending the account to an attorney is contingent upon CSI and plaintiff not being able to arrange repayment; it twice labels the legal action as

only "possible"; and, importantly, it states "no decision has been made to take legal action against you at this time." (Id.). Reading the Legal Action Notice in full, the Court fails to see—and plaintiff does not plausibly plead—how the least sophisticated consumer could reasonably believe legal action to be imminent if such action is not even certain to be taken.[5] "FDCPA protection does not extend to [such a] bizarre [and] idiosyncratic interpretation of [the] collection notice." Easterling v. Collecto, Inc., 692 F.3d at 233–34.

Moreover, even if the Legal Action Notice could be read to threaten immediate legal action, plaintiff makes no allegation that such threat was false, deceptive, or misleading. Nor does plaintiff argue the Legal Action Notice can "be reasonably read to have two or more different meanings, one of which is inaccurate," which could render the Legal Action Notice deceptive. See Russell v. Equifax A.R.S., 74 F.3d at 35. Indeed, although plaintiff references the "two or more different meanings" standard, plaintiff actually offers only one reading of the language in the Legal Action Notice: "The letter plainly says that if payment arrangements are not made[,] the account will be sent for legal action." (Pl. Mem. at ECF 10). Even if this had been properly alleged, such a reading omits the fact that it would be Capital One who would send the account to an attorney for review before any actual legal action, if and after plaintiff and CSI could not arrange repayment—a fact plaintiff acknowledges in his complaint. (See Compl. ¶ 36).

Second, plaintiff fails plausibly to allege CSI falsely represented "the character, amount, or legal status" of the debt. Plaintiff alleges "the mention of legal action at all by a debt collector

---

[5] Although plaintiff's argument here also appears to suggest a violation of 1692e(5), which makes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," plaintiff does not reference this subsection as being violated in either his complaint or his brief. Even if plaintiff had invoked this subsection, however, his allegations fail plausibly to plead a violation of 1692e(5).

who [does not] own the debt is completely premature and [an] over exaggeration of the status of the debt." (Compl. ¶ 35). This allegation is wholly conclusory and misrepresents what the letter actually says. The letter states that if payment cannot be arranged, Capital One—not CSI— will send the account to an attorney for possible legal action, which plaintiff himself acknowledges. (See Compl. ¶ 36). Furthermore, plaintiff fails to cite case law to support his contention that a debt collector who does not own a debt cannot "mention" legal action or that such mention renders false, deceptive, or misleading the legal status of a debt. A plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. at 678.

Finally, plaintiff alleges CSI's inclusion of a telephone number to call to avoid possible legal action "overshadows the ability of the Plaintiff to send a dispute letter in response to the initial communication since it implicitly threatens the consumer with legal action" in violation of 1692e. (Compl. ¶¶ 32–33, 41(b)). But plaintiff's argument that inclusion of the phone number implies "phone calls need to be made to avoid the ominous threat of imminent litigation," (Pl. Mem. at ECF 11), fails for the same reason as above: the letter read reasonably and in its entirety does not indicate any legal action will be taken immediately. Moreover, the phone number "merely encourages the debtor to communicate with the debt collection agency." Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 665 (S.D.N.Y. 2006).

Simply put, plaintiff has not plausibly alleged that any representation in the letter is false, misleading, or deceptive. Accordingly, plaintiff's Section 1692e, 1692e(2)(A), and 1682e(10) claims must be dismissed.

C.      Section 1692f Claim

Section 1692f states that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," and sets forth a list of eight non-exhaustive subsections listing certain practices that violate the section.  Section 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically."  Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d at 667.

Here, plaintiff does not allege any improper acts listed within Section 1692f.  Instead, plaintiff claims Section 1692f is violated because CSI "impl[ied] immediate legal action when no attorney even had control of the account."  (Compl. ¶ 51).  Because the Section 1692f claim is based on the same alleged misconduct on which the Section 1692e claim is based—that is, the letter implied immediate legal action—such misconduct is not "unfair" or "unconscionable" within the meaning of Section 1692f for the same reasons as stated above.  See De La Cruz v. Fin. Recovery Servs., Inc., 2019 WL 4727817, at *7 ("[I]f Defendant's collection letter is not 'misleading' within the meaning of Section 1692e, it is not 'unfair' or 'unconscionable' within the meaning of Section 1692f.").

Accordingly, plaintiff's 1692f claim must also be dismissed.

D.      Section 1692g Claim

Finally, CSI argues plaintiff does not plausibly allege the Legal Action Notice overshadows the Validation Notice.

The Court agrees.

1.      Applicable Law

Section 1692g requires a debt collector to communicate certain information to a debtor when attempting to collect a debt, including the amount of the debt, the name of the creditor to

10

whom the debt it owed, and a statement that the consumer has thirty days after receipt of the notice to dispute the validity of the debt.  See 15 U.S.C. § 1692g(a).

Not only must the debt collector communicate this required information to the debtor, it must also convey it clearly.  See Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).  A validation notice is legally insufficient "if that notice is overshadowed or contradicted by other language in communications to the debtor."  Id.; see also 15 U.S.C. § 1692g(b) ("Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.").  "A notice overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights."  Jacobson, 516 F.3d at 90.  Thus, a debt collector violates the Act if its communication is "reasonably susceptible to an inaccurate reading" of the required message.  Russell v. Equifax A.R.S., 74 F.3d at 35.

Although "a debt collector is, as a general matter, entitled to demand immediate payment of a debt, and to threaten further action in the event of non-payment," Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d at 91, the FDCPA is violated when a letter asks for immediate payment without explaining its demand does not override the consumer's rights under Section 1692g.  See Savino v. Comput. Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) (FDCPA violated when letter "ask[ed] for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1962g to seek validation of the debt" within thirty days).  In other words, "[e]ven if a debt collector conveys the required information [pursuant to 1692g(a)], the collector nonetheless violates the Act if it conveys that information in a confusing

11

or contradictory fashion so as to cloud the required message with uncertainty." DeSantis v. Comput. Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001).

Courts have found that when a letter "demands immediate payment of [a] debt, or threatens adverse consequences in the event the debt is not paid within 30 days of receipt" of the letter, the validation notice may be overshadowed. See Rumpler v. Phillips & Cohen Assoc., Ltd., 219 F. Supp. 2d 251, 259 (E.D.N.Y. 2002) (emphasis in original) (collecting cases). However, courts have also found that absent such threats, a collection letter does not overshadow the validation notice. See id. (validation notice not overshadowed by inclusion of language, "it is not in your best interest to neglect this account any further. . . . immediately contact our office at the above telephone number"); Spira v. Ashwood Fin., Inc., 358 F. Supp. 2d 150, 154, 159 (E.D.N.Y. 2005) (validation notice not overshadowed by following statement: "It is our intent to pursue collection of this debt through every means available to us. . . . You may either send your payment in full . . . or you must call 1-800-851-5736 at once."). Language that "merely advise[s] Plaintiff that in the event that she did not pay the debt or dispute it, Defendant may avail itself of any of its legal options" does not violate 1692g. Id. at 159.

Relevant factors to consider in determining whether a consumer's Section 1692g rights are properly laid out in the validation notice are whether different parts of the letter appear on different sides of the page or in different typeface. See Reynolds v. Caine & Weiner Co., 2018 WL 5928123, at *5 (E.D.N.Y. Nov. 13, 2018).

2. Application

Here, the Validation Notice, the sufficiency of which plaintiff does not dispute, is followed immediately by the allegedly overshadowing Legal Action Notice. The Validation Notice provides plaintiff notice of his rights under section 1692g. Those rights "appear on the

same page in the same size and typeface as the allegedly overshadowing language." Reynolds v. Caine & Weiner Co., 2018 WL 5928123, at *5.  Accordingly, the format and typeface do not misleadingly "obscure important information that appears in the notice." Clomon v. Jackson, 988 F.2d at 1319.

Even though the Legal Action Notice states possible legal action may be taken if repayment cannot be arranged and provides plaintiff a telephone number to call for more information, plaintiff does not plausibly allege that any language in the Legal Action Notice "overshadows" the Validation Notice.  As discussed above, plaintiff does not plausibly allege the Legal Action Notice demands immediate payment.  Nor does the Legal Action Notice threaten adverse consequences if the debt is not paid within thirty days.  See Rumpler v. Phillips & Cohen Assocs., Ltd., 219 F. Supp. 2d at 259.  Moreover, the letter does not contain any deadline that could arguably have confused the consumer as to the thirty-day dispute period.  See id.

Rather, read as a whole, the letter properly informs plaintiff of his right to dispute the validity of the debt within thirty days, informs plaintiff that CSI can provide different payment options to plaintiff, and warns plaintiff of the consequences of failing to arrange repayment. "Simply put, this request for payment is not confusing or contradictory such that the least sophisticated consumer would be unclear that [he] had thirty days to dispute the validity of the debt." Rumpler v. Phillips & Cohen Assocs., Ltd., 219 F. Supp. 2d at 259.  Thus, this claim must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #6) and close this case.

Dated: May 26, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge